IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ISRAEL GOMEZ-ASTORGA, <br><br> Petitioner, <br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ORDER <br> AND <br> MEMORANDUM DECISION <br><br><br><br><br> Case No. 1:07-CV-64 TC |

Petitioner Israel Gomez-Astorga pleaded guilty to possessing 500 grams of methamphetamine with intent to distribute. The court sentenced Mr. Gomez-Astorga to prison for 188 months. After serving his sentence, Mr. Gomez-Astorga will be deported to Mexico.

This matter is now before the court on Mr. Gomez-Astorga's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Mr. Gomez-Astorga, who has filed this motion *pro se*, presents four grounds in support of his motion.

Mr. Gomez-Astorga's first ground is that his counsel was ineffective because counsel did not argue that the government had breached the plea agreement. In his second ground, Mr. Gomez-Astorga maintains that his sentence violates the Fifth Amendment because the court did not know it had discretion to depart from the United State Sentencing Guidelines (the "Guidelines"). Mr. Gomez-Astorga's third ground is that his due process and Sixth Amendment rights were violated because his sentence was increased based on facts not charged in the

indictment, denying him notice and the right to a jury trial.  As his fourth ground, Mr. Gomez-Astorga contends that the use of hearsay at the sentencing hearing with no chance to cross-examine violated his right to a jury trial and his counsel was ineffective because counsel did not cross-examine the confidential informant who had provided the hearsay information.

Pleadings made by pro se litigants should be construed more liberally than if counsel had drafted them.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Even under this lenient standard, however, Mr. Gomez-Astorga's claims fail.  The court finds that Mr. Gomez-Astorga waived his right to challenge his sentence through a motion brought under § 2255 on all four grounds raised.  In the alternative, even if he did not waive the right to litigate his first ground, the court finds that this ground is without merit.  Mr. Gomez-Astorga's motion is therefore DENIED.

## BACKGROUND

On May 1, 2003, Mr. Gomez-Astorga was indicted as one of fourteen co-defendants in a conspiracy case involving thirteen counts, mainly for drug and immigration related criminal offenses.  Mr. Gomez-Astorga was named in only one count, possession with intent to distribute 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A).  Mr. Gomez-Astorga made a motion to suppress evidence against him that the court denied on December 1, 2003.

On March 3, 2004, Mr. Gomez-Astorga, pursuant to a plea agreement, entered a plea of guilty to the count against him.  In the plea agreement, Mr. Gomez-Astorga waived his rights to a direct appeal and to collaterally attack his sentence, including under § 2255.  In exchange, the government stated that it would recommend that Mr. Gomez-Astorga receive a downward adjustment from the base offense level in the Guidelines.  The government's downward departure recommendation was to be based on Mr. Gomez-Astorga's accepting responsibility,

his playing a minor role in the violation, and on his truthfully providing information under the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

On August 17, 2004, before Mr. Gomez-Astorga's originally scheduled sentencing hearing, the United State Probation Officer submitted an amended presentence report. In that report, the officer stated that after Mr. Gomez-Astorga had entered the plea agreement, the government had received additional information from a confidential informant indicating that Mr. Gomez-Astorga played a larger role in the offense than Mr. Gomez-Astorga had previously admitted.[1] Consequently, the amended presentence report withdrew the prior recommendation that Mr. Gomez-Astorga receive a sentence reduction and instead recommended a three offense level enhancement based on his playing an aggravating role as manager or supervisor. The government later filed a supplemental sentencing memorandum adopting and defending the amended presentence report's conclusions and revised recommendations.

The district court held an *in camera* hearing on October 6, 2004 to address the government's changed position on sentencing and other issues raised by the amended presentence report. Mr. Gomez-Astorga's counsel was present at the hearing, but Mr. Gomez-Astorga himself was not. At the hearing, the court instructed the parties to brief issues relevant to the new issues raised by the revised report. The court further advised Mr. Gomez-Astorga's counsel that it would be amenable to a motion by Mr. Gomez-Astorga to change his plea.

Mr. Gomez-Astorga's sentencing hearing took place on November 3, 2004. Near the outset of the hearing, Mr. Gomez-Astorga's counsel stated as follows:

> . . . [W]hen I received the amended documents, the recommended presentence . . . we came down here. We met in chambers. The court in fact advised me that if we wanted to file a motion to withdraw that plea, that the court would look very

---

[1] Mr. Gomez-Astorga stated in his plea agreement that he had been "house-sitting" drugs at a stash house. The government stated that based on the new information, it concluded that Mr. Gomez-Astorga was actually in charge of the stash house's operations.

> favorably on that. The court continued the matter over for two or three weeks, your honor, to give us an opportunity to review and think about that. It was our election, your honor, not to withdraw that plea, and it is sill our election not to withdraw the plea and proceed as your honor has outlined.

(Tr. of Nov. 3, 2004 Sentencing Hr'g at 6-7.) After the court heard several objections on various grounds from Mr. Gomez-Astorga's counsel, the court received evidence from an FBI agent regarding facts the agent had obtained from the confidential informant about Mr. Gomez-Astorga's role in the offense. Mr. Gomez-Astorga's counsel cross-examined the agent at length.

At the conclusion of the agent's testimony, the court found that Mr. Gomez-Astorga was not entitled to any adjustment of his base offense level for minor role or for acceptance of responsibility. (Id. at 62-66.) The court further held that Mr. Gomez-Astorga did not qualify for credit under the safety valve. (Id. at 64.) On the other hand, the court rejected the government's contention that Mr. Gomez-Astorga played an aggravating role in the offense, and accordingly refused the government's proposed three offense level upward adjustment. (Id.) Because the court did not make any adjustments, it applied an offense level of 36 to determine the range of Mr. Gomez-Astorga's sentence, resulting in a Guideline range of imprisonment from 188 to 235 months. The court sentenced Mr. Gomez-Astorga to 188 months in federal prison, the low end of the range.

Mr. Gomez-Astorga appealed his sentence to the Tenth Circuit. The government elected not to enforce Mr. Gomez-Astorga's waiver of his appeal rights in the plea agreement at that time. The appeal was limited to the narrow issue of whether the court's basing a sentence on the Guidelines was a structural error in every case. United States v. Gomez-Astorga, No. 04-4278, 2006 WL 148273 at *1 (10th Cir. Jan. 20, 2006). The Tenth Circuit affirmed the district court's judgment, noting that Mr. Gomez-Astorga recognized that his position was foreclosed by clear precedent, and that he had brought the appeal only to preserve the issue on certiorari to the United States Supreme Court. Id. On May 30, 2006, the United States Supreme Court denied

Mr. Gomez-Astorga's petition for a writ of certiorari. Gomez-Astorga v. United States, 126 S. Ct. 2341 (2006).

On May 7, 2007, Mr. Gomez-Astorga, who is in a federal prison, filed the present Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.[2]

## ANALYSIS

A.     Mr. Gomez-Astorga's Waiver

The government argues that Mr. Gomez-Astorga waived grounds two, three and four of his motion in his plea agreement. The government does not contend that Mr. Gomez-Astorga has waived ground one of his motion. Instead, the government cites United States v. Tilghman, 211 Fed. Appx. 778, 781 (10th Cir. 2007) for the proposition that a defendant cannot waive the right to challenge the government's breach of a plea agreement on collateral attack. Mr. Gomez-Astorga did not address the question of his possible waiver in his moving or reply briefs.[3]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). But a "plea agreement waiver of postconviction rights does not waive the

---

[2] Because the petition, memoranda, files and records of this case conclusively show that Mr. Gomez-Astorga is entitled to no relief, the court decides this matter without a hearing. See 28 U.S.C. § 2255.

[3] The government also alerted the court to a possible estoppel argument against the government. To wit, the government admitted that its election not to enforce Mr. Gomez-Astorga's waiver of his direct appeal rights could be said to estop it from enforcing his waiver of a collateral attack. The court agrees with the government that the government is not estopped from arguing waiver in these circumstances. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (discussing as a viable course of action the government's enforcement a defendant's waiver on collateral attack even after the government defended a direct appeal on the merits). This selective enforcement of waiver does not appear to harm Mr. Gomez-Astorga and would have worked to his benefit if his appeal had been successful.

5

right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Id. at 1187.  Consequently, when a petitioner raises an ineffective assistance of counsel claim, there are "two critical components to determining whether the right to collateral relief survives a waiver.  The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea." Id.

There is no doubt that Mr. Gomez-Astorga waived grounds two and three by signing his plea agreement. When Mr. Gomez-Astorga executed that agreement, he represented to the court as follows:

> I also knowingly, voluntarily and expressly waive any right I might have to challenge my sentence or the manner in which it is determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

(Statement of Def. in Advance of Plea of Guilty ¶ 8 (b)-(d).)  This language waives the right to collaterally challenge a sentence on grounds that do not involve ineffective assistance of counsel as a matter of course.  See Cockerham, 237 F.3d at 1183.  Grounds two and three do not involve ineffective assistance of counsel so are waived under the plea agreement.

The closer question is whether Mr. Gomez-Astorga also waived grounds one and four, which do allege ineffective assistance of counsel.  The court will first assess ground four.

Initially, it is worth noting that ground four actually has two parts, the first of which is that hearsay was used against Mr. Gomez-Astorga at the sentencing hearing, violating his right to a jury trial.  Because Mr. Gomez-Astorga does not contend that the use of hearsay was a result of ineffective assistance of counsel,[4] the court finds that he waived the first part of ground four under Cockerham without further analysis.  See id.

---

[4] Mr. Gomez-Astorga cannot credibly claim his counsel was ineffective on this point since his counsel objected to the hearsay's admission and was overruled.  (See Tr. of Nov. 3, 2004 Sentencing Hr'g at 4-5.)

The second part of Mr. Gomez-Astorga's fourth ground does allege ineffective assistance of counsel. Namely, Mr. Gomez-Astorga maintains that his counsel was ineffective because he failed to call the confidential informant for cross examination at the sentencing hearing. First, the merit of this contention is, at best, questionable. The court had ordered that the informant's identity not be divulged to Mr. Gomez-Astorga because the informant had a legitimate fear for his or her safety; the court also denied Mr. Gomez-Astorga's counsel's motion at the sentencing hearing to allow counsel to reveal to Mr. Gomez-Astorga the informant's identity to assist in cross-examining the FBI agent. (See Tr. of Nov. 3, 2004 Sentencing Hr'g at 35.) It was therefore a near certainty that the court would have also denied a motion to call the informant to testify. In these circumstances, it would be difficult to characterize Mr. Gomez-Astorga's counsel's failure to attempt to call the informant as ineffective, especially because counsel vigorously cross-examined the FBI agent. See Cockerham, 237 F.3d at 1187.

More importantly, Mr. Gomez-Astorga's counsel's failure to force the informant to testify did not "taint[] the voluntariness of the plea or the waiver agreement itself." Id. at 1184. There is no indication from the record that Mr. Gomez-Astorga initially conditioned his guilty plea on the ability to cross-examine witnesses at his sentencing hearing. Moreover, even after Mr. Gomez-Astorga was informed that the FBI agent would testify to what he had been told by the informant, Mr. Gomez-Astorga's counsel stated that Mr. Gomez-Astorga was still willing to maintain his guilty plea. Neither Mr. Gomez-Astorga nor his counsel cited the ability to call the informant for cross-examination as a necessary condition to Mr. Gomez-Astorga's decision not to withdraw his guilty plea. Accordingly, Mr. Gomez-Astorga waived the ineffective assistance of counsel portion of his fourth ground by signing his plea agreement and reaffirmed that waiver at the hearing. See id.

Moving to Mr. Gomez-Astorga's first ground, the court must apply a separate analysis

7

because it alleges that counsel was ineffective for failing to argue the government's breach of the plea agreement. The government points to Tilghman as foreclosing the conclusion that Mr. Gomez-Astorga waived this ground. See United States v. Tilghman, 211 Fed. Appx. 778, 781 (10th Cir. 2007). But Tilghman stands for the general proposition that "a defendant's waiver of the right to appeal or collaterally attack his sentence does not preclude an appellate argument that the government breached the plea accord." Id. (quoting United States v. Young, 206 Fed. Appx. 779, 782-83 (10th Cir. 2006). That general rule does not appear to apply in this case.

If all Mr. Gomez-Astorga had done to effect a waiver was sign the plea agreement, the court would agree that under Tilghman, he had not waived his first ground. But that is not the case here. Here, the record shows that after Mr. Gomez-Astorga signed the plea agreement, he was clearly informed that the government, based on new information, did not intend to recommend a downward departure. The court continued the originally scheduled sentencing hearing and held an *in camera* hearing to allow Mr. Gomez-Astorga time to consider and react to the government's new position. The court further offered to allow Mr. Gomez-Astorga to withdraw his plea. When the sentencing hearing was finally held, Mr. Gomez-Astorga's counsel opened it by stating that Mr. Gomez-Astorga had elected not to withdraw his guilty plea. (See Tr. of Nov. 3, 2004 Sentencing Hr'g at 6-7.)

In light of these facts, the court finds that this statement by Mr. Gomez-Astorga's counsel amounted to a waiver of the breach argument by Mr. Gomez-Astorga. The apparent inconsistency between the government's revised position and its representations in the plea agreement was clear on its face. Moreover, Mr. Gomez-Astorga made his decision not to withdraw his guilty plea after being given time to consult about it with his counsel and after being given the opportunity to withdraw his plea. (See id.) Mr. Gomez-Astorga was present at the sentencing hearing and was given the opportunity to directly address the court. He did not

disavow or contradict his counsel's representations about his intentions.

Because Mr. Gomez-Astorga nominally bases his first ground on ineffective assistance of counsel, the court notes that the waiver of this ground is valid under Cockerham. First, the claim is without merit, as discussed further below. Second, the record shows that Mr. Gomez-Astorga's counsel's failure to argue the potential breach did not "taint[] the voluntariness of the plea or the waiver agreement itself" because Mr. Gomez-Astorga acknowledged that he did not want to withdraw his plea despite being fully aware that he could have argued a breach. See Cockerham, 237 F.3d at 1184.

Accordingly, the court finds that Mr. Gomez-Astorga waived grounds two, three and four by way of his plea agreement, and that he waived ground one at the sentencing hearing. These findings provide the primary basis for the court's denial of Mr. Gomez-Astorga's motion in its entirety.

B.      Merits of Ground One

In the event that the court is mistaken about Mr. Gomez-Astorga's waiver of ground one, the court alternatively finds that this ground has no merit.

To demonstrate ineffective assistance of counsel, Mr. Gomez-Astorga "must establish both that his attorney's representation was deficient and that he was prejudiced by the deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). This standard applies to sentencing proceedings. United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, Mr. Gomez-Astorga must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective

assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  <u>James</u>, 211 F.3d at 555.

Mr. Gomez-Astorga contends that his counsel was ineffective because he did not argue that the government breached the plea agreement at the sentencing hearing.  But his argument is negated by the facts of this case.  Mr. Gomez-Astorga's counsel began the sentencing hearing by acknowledging that his client knew about the government's decision not to request the downward departures as it had agreed in the plea agreement.  (<u>See</u> Tr. of Nov. 3, 2004 Sentencing Hr'g at 6.)  Counsel further stated that he and Mr. Gomez-Astorga had been given time to consider the government's changed position, as well as a chance to withdraw the guilty plea.  (<u>See</u> <u>id.</u>)  After making those statements, counsel indicated that Mr. Gomez-Astorga still elected to plead guilty.  (<u>See</u> <u>id.</u> at 6-7.)  In effect, Mr Gomez-Astorga faults his counsel for not making an argument during the hearing that counsel had expressly waived at the outset of the hearing.  But Mr Gomez-Astorga's counsel cannot be deemed ineffective for failing to assert a meritless argument.  <u>See</u> <u>United States v. Quary</u>, 60 Fed. Appx. 188, 190 (10th Cir. 2003) ("[C]ounsel is not obligated to make factually or legally baseless arguments, no matter how strongly a client may regard the matter.").

Even if Mr. Gomez-Astorga had not disclaimed the right to argue the breach at the hearing, it is not clear that counsel's failure to do so made him ineffective . <u>United States v. VanDam</u>, 493 F.3d 1194 (10th Cir. 2007), the case Mr. Gomez-Astorga now relies on to demonstrate the merits of the breach argument, was not decided until about three years after his 2004 sentencing hearing.  There is no reason for the court to conclude that counsel was ineffective for not anticipating that decision.

Moreover, it is difficult to see how an argument that the government had breached the plea agreement would have resulted in Mr. Gomez-Astorga receiving a lesser sentence.  As

explained above, Mr. Gomez-Astorga waived the breach at the beginning of the hearing.  The court also gave Mr. Gomez-Astorga extra time to consider the impact of the government's change in position, and had told Mr. Gomez-Astorga that it was willing to allow him to withdraw his guilty plea as a result of that change in position.  Moreover, the court rejected the government's contention that Mr. Gomez-Astorga played an aggravating role in the offense and also sentenced him to the low end of the Guideline range.  Considering these facts, it is unlikely that an argument of breach would have resulted in a lesser sentence for Mr. Gomez-Astorga.

## ORDER

For the above reasons, Mr. Gomez-Astorga's § 2255 Motion is DENIED.

DATED this 29th day of February, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge